Green, J.

delivered the opinion of the court.
This suit is brought by Ezell, against the Union Bank, upon a bill of exchange drawn by the Merchants’ Insurance and Trust Company at Nashville, on C. C. Norvell, of Philadelphia, for three, hundred and thirty dollars, payable to Thompson & Bond, at seventy days after date, and dated 8th June, 1847. Thompson & Bond negotiated the bill to the Branch of the Union Bank of Tennessee, at Columbia, after the day at which it was payable; and afterwards, on the 8th of September, 1847, the Union Bank, by the cashier of said branch, endorsed, and transferred the said bill to the plaintiff. The plaintiff caused the bill to be presented for payment the 4th of October, 1847, which being refused by the drawee, the same was protested, and the parties duly notified thereof.
Two questions are made, upon the record, by the counsel for the plaintiff in error. 1. It is insisted, that a bill of exchange, after due, is functus officio; and that if endorsed, no action lies on the instrument, against such endorser.
We understand the settled doctrine to be clearly otherwise. A bill may be transferred as well after, as before it is due. Story on bills, sec. 220, 223. The difference is, that if it is transferred after due, as there is no time fixed for payment, it is, in such case, payable on demand. The party who endorses a bill after it is due, and negotiates it, gives to it, as far as he is concerned, all the character and efficacy of a bill payable on demand.
2. It is insisted that his Honor erred in telling the jury, that the bill being overdue when the plaintiff got it, it was necessary for him to show that he had pre- *387 seated it for payment in a reasonable time; and that what was reasonable time to make demand of payment, was a question of fact, to be judged of by the jury, according to the circumstances of the case.
We think this instruction, strictly correct. It has never been held, that in such case, a bill must be presented at the earliest period the course of the mail would enable a party to transmit it by that conveyance, to the place where payable. If no usage exists, it is sufficient, if without any unnecessary delay, it be taken to the place of payment, by the ordinary course of travel. If a usage exists, that ought to govern. As there is no time for presentment, fixed in the instrument, it is manifest that no rule of law can be established, requiring presentment, within a given time after the bill shall be negotiated. That which would be only reasonable in' one case, would be unreasonable delay in another case. Hence, his Honor instructed the jury correctly, that it was a question of fact, to be judged of by them, according to the circumstances of the case.
There is therefore, no error in the charge of the court, and we think the jury were warranted in finding for the plaintiff, on the evidence.
'Affirm- the judgment.